UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE RICHARD K. EATON, SENIOR JUDGE

| | |
|---|---|
| _____ ) | |
| UNITED STATES, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Consol. Court No. 11-00388 |
| ) | |
| AEGIS SECURITY INSURANCE CO., ) | |
| TRICOTS LIESSE 1983, INC., ) | |
|     Defendants, ) | |
| ) | |
|     and ) | |
| ) | |
| TRICOTS LIESSE 1983, INC., ) | |
|     Third-party defendant. ) | |
| _____ ) | |

## __ORDER__

Upon consideration of Defendants, Tricots Liesse, 1983, Inc.'s and Aegis Security Ins.

Co.'s, Motion for Summary Judgment; and upon the other papers and proceedings herein; the

response by Plaintiff thereto; and upon due deliberation, it is hereby

ORDERED that Defendants' Motion be, and hereby is granted.


Dated: _____          _____

    New York, New York                              Senior Judge

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HONORABLE RICHARD K. EATON, SENIOR JUDGE

_____

| | |
|---|---|
| UNITED STATES, | ) |
|      Plaintiff, | ) |
| | ) |
|      v. | )    Consol. Court No. 11-00388 |
| | ) |
| | )    **PUBLIC VERSION** |
| AEGIS SECURITY INSURANCE CO., | ) |
| TRICOTS LIESSE 1983, INC., | ) |
|      Defendants, | ) |
| | ) |
|      and | ) |
| | ) |
| TRICOTS LIESSE 1983, INC., | ) |
|      Third-party defendant. | ) |

_____

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants, Tricots Liesse 1983, Inc. and Aegis Security Ins. Co., hereby file this Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment pursuant to USCIT Rule 56. Plaintiff failed to perfect a valid administrative claim, and has failed to establish that it is lawfully entitled to alleged duties owed on finally liquidated entries subject to a valid NAFTA correction. Accordingly, summary judgment in favor of Defendants is appropriate.

Respectfully Submitted,

DATED: December 20, 2018

/s/ FRANCES HADFIELD
John Brew
Frances Hadfield
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, NY 10022
Tel.: (212) 803-4040
FHadfield@crowell.com

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HONORABLE RICHARD K. EATON, SENIOR JUDGE

————————————————————————
)
UNITED STATES,                                    )
     Plaintiff,                                  )
                                                   )
     v.                                           )    Consol. Court No. 11-00388
                                                   )
                                                   )    **PUBLIC VERSION**
AEGIS SECURITY INSURANCE CO.,                     )
TRICOTS LIESSE 1983, INC.,                         )
     Defendants,                                  )
                                                   )
     and                                          )
                                                   )
TRICOTS LIESSE 1983, INC.,                         )
     Third-party defendant.                       )
————————————————————————)

---

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT**

---

Dated:  December 20, 2018          By:    John Brew
                                                Frances Hadfield
                                              Crowell & Moring
                                              590 Madison Avenue, 20th Floor
                                              New York, NY 10022
                                              Tel.: (212) 803-4040
                                              FHadfield@crowell.com

                                              Counsel to Tricots Liesse 1983, Inc.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................... ii

INTRODUCTION ...................................................................................................... 1

SUMMARY OF THE ARGUMENT ........................................................................... 2

ARGUMENT ............................................................................................................. 4

    I.   Customs Failed to Conduct Valid Administrative Proceedings and May not Seek Section 1592(d) Duties .................................................................................... 4

    II.  Defendants Do Not Owe Duties Because Tricots Filed a Valid NAFTA Correction .. 9

    III. Tricots Owes No Duties Based on its Recoupment Counterclaim ............................. 13

    IV. Factual Issues Remain in Dispute Because Certain Imports Qualified for NAFTA as Claimed and Tricots was not Negligent ..................................................................... 15

    V.  Tricots Is Not Liable for Interest ................................................................................ 19

CONCLUSION ......................................................................................................... 20

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Fort Stewart Sch. v. Fed. Labor Relations Auth.*, 495 U.S. 641, 654 (1990) ................................ 6

*Pentax Corp. v. Robison,* 125 F.3d 1457 (Fed. Cir. 1997) .......................................... 12

*Princess Cruises, Inc. v. United States*, 397 F.3d 1358, 1367 (Fed. Cir. 2005) .......................... 19

*Rothensies v. Electric Storage Battery Co.*, 329 U.S. 296, 299 (1946) ...................................... 14

*Singer Sewing Mach. Co. of New Jersey v. Benedict*, 229 U.S. 481, 484 (1913)........................ 14

*TIE Communs., Inc. v. United States*, 18 CIT 358, 365 (1994) .................................................... 9

*United States v. Aegis Sec. Ins. Co.,* 29 CIT 1263, 1265 (2005) .................................................. 5

*United States v. Aegis Security Ins. Co.,* Slip. Op. 18-29 (Mar. 26, 2018).................................... 1

*United States v. Am. Home Assurance Co.*, 857 F.3d 1329, 1333 (2017) .................................... 19

*United States v. Atkinson*, 575 F. Supp. 791, 796 (CIT 1983)...................................................... 20

*United States v. Blum,* 858 F.2d 1566, 1568-69 (Fed. Cir. 1988)................................................... 5

*United States v. Bull*, 295 US 247, 262 (1935)............................................................................. 13

*United States v. Federal Ins. Co.*, 805 F.2d 1012, 1015 n.2 (Fed. Cir. 1986) ............................. 13

*United States v. Ford Motor Co.*, 463 F.3d 1286 (Fed. Cir. 2006)................................................. 4

*United States v. Inn Foods, Inc.* 560 F.3d 1338, 1348 (Fed. Cir. 2009)..................................... 5, 9

*United States v. Int'l Fid. Ins. Co.*, 273 F. Supp. 3d 1170, 1185 (CIT 2017) ............................. 20

*United States v. Jac Natori Co.*, 22 CIT 1101, 1105 (1998)........................................................ 20

*United States v. Koo Chow*, 17 CIT 1372 (1993) .......................................................................... 8

*United States v. Morton Salt Co.*, 338 U.S. 632, 644 (1950).......................................................... 7

*United States v. Nitek Elecs., Inc.,* 844 F. Supp. 2d 1298, 1309 (CIT 2012), *aff'd on other*
  *grounds,* 806 F.3d 1376 (Fed. Cir. 2015) ................................................................................. 4

*United States v. Optrex Am., Inc.*, 29 CIT 1494, 1498-1499 (2005) ............................................. 7

*United States v. Ross,* 574 F.Supp. 1067, 1068-69 (Ct. Int'l Trade 1983) ...................................... 5

*United States v. Stanley Works*, 17 CIT 1378 (1993) ................................................................ 8

*United States v. UPS Customhouse Brokerage, Inc.*, 575 F.3d 1376, 1382 (Fed. Cir. 2009) ........ 6

*United States v. Wash. Int'l Ins. Co.*, 29 CIT 511, 513-14 (2005)................................................. 18

*United States v. Yuchius Morality Co.*, 26 CIT 1224, 1228 (2002)............................................. 16

## Statutes

19 U.S.C. § 1592(b) ................................................................................................................. 6

19 U.S.C. § 1592(c)(5)........................................................................................................ 9, 18

19 U.S.C. § 1592(d) ............................................................................................................ 5, 8

19 U.S.C. § 1592(e) ................................................................................................................ 15

19 U.S.C.§ 1514.................................................................................................................... 7

28 U.S.C. § 1582.................................................................................................................. 1, 5

28 U.S.C. § 2637(d)................................................................................................................ 7

5 U.S.C. § 551 *et seq.*............................................................................................................ 7

5 U.S.C.§ 706........................................................................................................................ 7

## Other Authorities

*AG v. Bri-Chem Supply et al*, 2016 FCA 257 ...................................................................... 11, 17

Article 102.2 of NAFTA........................................................................................................ 17

*Bri- Chem Supply Ltd.* (file AP-2014-017)............................................................................ 11

*Ever Green Ecological Services Inc.* (file AP-2014-027) ..................................................... 11, 17

*Frito-Lay v. President of the CBSA*, AP-2010-002................................................................ 11, 17

*Southern Pacific Resource Corp.* (file AP-2014-028).......................................................... 11, 17

Treasury Decision 95-98........................................................................................................ 12

**Rules**

USCIT Rule 56 ................................................................................................................................. 1

**Regulations**

19 C.F.R. § 162.79b ......................................................................................................................... 6

19 C.F.R. § 181.21 ..................................................................................................................... 10, 12

19 C.F.R. § 181.21(b) ...................................................................................................................... 9

19 C.F.R. § 181.82 ........................................................................................................................... 9

19 C.F.R. Part 171, Appx B ........................................................................................................... 16

**Constitutional Provisions**

U.S. CONST. amend. V ..................................................................................................................... 7

**Federal Register Notices**

*North American Free Trade Agreement—Submission of Certificates of Eligibility for Textile and Apparel Goods Under the Tariff Preference Level Provisions*, 60 Fed. Reg. 58,516 (Treas. Nov. 28, 1995) (TD 95-98) .................................................................................................... 13

**INTRODUCTION**

Defendants, Tricots Liesse 1983, Inc., (Tricots) and Aegis Security Insurance Co., (Aegis), (collectively Defendants), file this Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment pursuant to USCIT Rule 56. Plaintiff commenced two separate actions, which were later consolidated in Ct. No. 11-00388. In these actions Plaintiff seeks alleged duties owed by Aegis as a surety pursuant to this court's jurisdiction for recovery of duties upon a bond under 28 U.S.C. § 1582, and duties and penalties against Tricots for the alleged negligent entry of goods in violation of Section 592 of the Tariff Act of 1930, as amended, under the court's 28 U.S.C. § 1582 (1) and (3) jurisdiction. Ct. No. 16-00066, Dkt. 2.

In *United States v. Aegis Security Ins. Co.,* Slip. Op. 18-29 (Mar. 26, 2018), this court dismissed the penalty claim against Defendant holding that "[b]y not exhausting its administrative remedies, Customs did not perfect a valid penalty claim." *Id.* at 20. The court should now dismiss Plaintiff's duty claims. Contrary to the assertions made by Plaintiff, U.S. Customs and Border Protection's (Customs') defective administrative proceedings prevent it from collecting duties on finally liquidated entries in this court, requiring the dismissal of their duty claims. In addition, Plaintiff's duty claims must be dismissed because the only amounts owed are Merchandise Processing Fees (MPF). Under the plain language of the applicable statutes and regulations, because the Tricots voluntarily filed a valid NAFTA correction, and the imports qualified for duty free treatment under the correct NAFTA claim, Tricots does not owe duties. For these and other reasons explained in more detail below, Defendants' Motion for Summary Judgment should be granted and Plaintiff's claims for duties should be dismissed.

Plaintiff claims that it may seek to collect duties on finally liquidated entries in this court despite its flawed administrative procedures. Plaintiff ignores the applicable statutes and regulations and incorrectly relies on case law that is not applicable to this case. As required by the statute, the regulations confirm that when Customs alleges an importer owes both duties and penalties, then the duty demands are made as part of the administrative claim for monetary penalties under section 1592(b) penalty proceedings. Only if there is no administrative penalty proceedings may Customs seek to collect duties under the separate "demand" administrative proceeding. Plaintiff's reliance on case law involving an importer that did not challenge alleged duties owed on appeal (*Nitek*), or separate claims under bond against sureties, is misplaced. Because Customs sought both duties and penalties against Tricots as part of the 1592(b) administrative proceeding, as required, and this court has ruled this proceeding was invalid, the court should dismiss the duty claim.

Plaintiff also argues that Tricots should not be "rewarded" by voluntarily disclosing and correcting past NAFTA claims. Plaintiff again ignores the plain terms of the statute and regulations, which confirm that importers who voluntarily disclose and correct past NAFTA claims cannot be subject to penalties if they pay the "correct" amount of duties owed. The whole point of the NAFTA correction provisions is to encourage or "reward" importers to voluntarily disclose and correct claims on finally liquidated entries, not to punish them as Plaintiff wants to do here. Plaintiff does not dispute that Tricots voluntarily filed a valid NAFTA correction, and only disputes the amount of duties owed needed to perfect the correction. The applicable statute and regulations confirm that importers must pay the "correct" amount of duties owed when filing a NAFTA correction, and the correct amount of duties owed here is "zero." Plaintiff argues that Tricots cannot correct past NAFTA claims because initial NAFTA TPL claims must be filed

before final liquidation. The question of when an initial NAFTA claim must be filed is irrelevant here. Importers file NAFTA corrections and pay the correct amount of duties owed irrespective of whether or not an entry is finally liquidated. Under Plaintiff's convoluted argument, an importer could never correct an incorrect NAFTA claim. Because the correct amount of duty owed on the subject entries is zero, and Tricots filed a valid NAFTA correction, Plaintiff's claim for duties must be dismissed.

If the court rules that Tricots cannot correct its NAFTA claims because they are time barred, then it still should grant Tricots' Motion for Summary Judgment based on Tricots' counterclaim for recoupment. The Supreme Court has ruled that parties may use the equitable doctrine of recoupment to reduce claims by the government if the claims relate to the same transactions and would otherwise be time barred. These are the precise facts here. Plaintiff's argument that recoupment is unavailable to Tricots is wrong. To support its claim Plaintiff relies on a case (*Federal Insurance*) involving equitable estoppel – not recoupment – which is a completely different legal claim. Moreover, in *Federal Insurance*, there was no dispute that the government was owed the money claimed, and the importer's claims were not time barred.

Plaintiff has failed to prove Tricots violated section 1592 because it has not established that all subject imports were incorrectly entered as claimed. Plaintiff, not Tricots, bears the burden to prove that each claim for each product made in each entry was materially false. Since the time Tricots voluntarily disclosed certain NAFTA errors, it presented evidence that certain products in certain entries were correctly entered. Contrary to Plaintiff's claims, Tricots never waived this argument, and Plaintiff provides no evidence to rebut Tricots' claims. Tricots also disputes Plaintiff's claim that Tricots was negligent. Tricots acted as any other "reasonable" importer would in similar circumstances, voluntarily disclosing and correcting NAFTA errors.

The mere fact errors were made does not make a party negligent, and this is a fact specific issue. Because these facts remain in dispute the court cannot grant Plaintiff's Cross-Motion for Partial Summary Judgment.

Finally, Plaintiff's interest claims are in error. Plaintiff is not entitled to equitable pre-judgment interest under settled law based on Tricots' good faith challenge to the Plaintiff's unlawful actions and Plaintiff's own delay.

## ARGUMENT

**I.      Customs Failed to Conduct Valid Administrative Proceedings and May not Seek Section 1592(d) Duties**

Plaintiff argues that Customs does not have to follow any administrative process to impose and collect alleged duties owed on finally liquidated entries under section 1592(d). *See Pl.'s Br*. at 3-7. Rather than responding to Defendants' arguments that the statute and regulations required Customs to follow administrative proceedings to collect duties and penalties, Defs' Br. at 13-19, Plaintiff relies solely on case law that is not applicable to the facts in this case.

As explained in Defendants' Response Brief at 21-23, Plaintiff's reliance on *United States v. Nitek Elecs., Inc.,* 844 F. Supp. 2d 1298, 1309 (CIT 2012), *aff'd on other grounds,* 806 F.3d 1376 (Fed. Cir. 2015) is misplaced. The importer in *Nitek* did not challenge the duty demand at the administrative level, and the alleged duties owed were not considered on appeal to the Federal Circuit. Moreover, the lower court quotation cited by Plaintiff conflicts with the appellate court decision, which stated "[t]he doctrine of exhaustion requires that all administrative remedies be exhausted before seeking enforcement of an administrative action." *Nitek*, 806 F.3d at 1381. The appellate court then cited to *United States v. Ford Motor Co.*, 463 F.3d 1286 (Fed. Cir. 2006), which confirmed that this court's *de novo* review under section

1592(e) is limited to those issues considered in the proceedings before Customs. *Ford Motor Co.,* 463 F.3d at 1298. Plaintiff also improperly relies upon on dicta in *United States v. Ross,* 574 F.Supp. 1067, 1068-69 (CIT 1983). In *Ross,* the court ruled that Customs properly followed section 1592(b) procedures when seeking to enforce a claim on both duties and penalties. Since Customs followed the required procedures, the court did not address the question raised here: if Customs demands both duties and penalties as part of the same section 1592(b) proceeding, which is unlawful, and Customs is legally barred from making an (a) violation determination, can Customs still make a (d) duty claim? The answer to this question is no.

The court rulings that hold this court has jurisdiction over independent section 1592(d) duty claims were against sureties under 28 U.S.C. § 1582 and third parties against whom no penalty has been assessed. *See United States v. Blum,* 858 F.2d 1566, 1568-69 (Fed. Cir. 1988); *United States v. Aegis Sec. Ins. Co.,* 29 CIT 1263, 1265 (2005); *United States v. Inn Foods, Inc.* 560 F.3d 1338, 1348 (Fed. Cir. 2009). These decisions follow the terms of 1592(d), which allow Customs to recover duties "whether or not a monetary penalty is assessed." However, Customs issued a penalty here that was based on the duties it determined were owed during the penalty proceeding. *See Ford* 463 F.3d at 1297 (explaining that the valuation issues associated with the amount of the penalty are reviewable because they form the basis of the penalty). Plaintiff argues that the government may make section 1592(d) duty claims "independent of the conduct or outcome of any administrative proceeding." Pl.'s Br. at 5. There are several flaws in Plaintiff's argument.

First, it conflicts with the plain terms of 1592(d), which only allow the government to seek duties on finally liquidated entries "if the United States has been deprived of lawful duties, taxes or fees as a result of a violation of subsection (a)." 19 U.S.C. § 1592(d) . Under Plaintiff's

argument, Customs could issue an administrative determination that an importer did not violate subsection (a), but still seek past duties alleged owed under 1592(d). The only way Customs may make a determination that there is a violation of subsection (a) as required by 1592(d) is for Customs to conduct administrative proceedings under subsection (b), which is done when Customs "has reasonable cause to believe there has been a violation of subsection (a)." 19 U.S.C. § 1592(b).

Second, Plaintiff's argument conflicts with Customs own regulations. Under Customs regulations, when Customs seeks both duties and penalties against an importer then Customs must do so as part of its subsection (b) administrative penalty proceedings. 19 C.F.R. § 162.79b . Only if no penalty is assessed, or no penalty is issued, does Customs follow the separate administrative demand procedures. *Id.* It is well settled that a government agency must follow its own regulations. *Fort Stewart Sch. v. Fed. Labor Relations Auth.*, 495 U.S. 641, 654 (1990) ("It is a familiar rule of administrative law that an agency must abide by its own regulations."); *United States v. UPS Customhouse Brokerage, Inc.*, 575 F.3d 1376, 1382 (Fed. Cir. 2009). Customs made a failed attempt to comply with its regulations in this case. Customs sought past duties against Aegis through a demand notice because Customs did not seek or assess penalties against Aegis, and because Customs sought past duties and penalties against Tricots it did so as part of the subsection (b) penalty proceedings. This is confirmed by Customs penalty determination issued to Tricots. Defs' Motion for SJ, Ex. A. Importantly, contrary to Plaintiff's claim that it need not follow any administrative procedures to seek past duties, Customs regulations provide required procedures that Customs must follow before seeking past duties on finally liquidated entries under subsection (d) owed a result of a violation of subsection (a).

Third, if Customs can seek past duties independent of the conduct or outcome of any administrative procedures, then Customs' actions are in violation of the Administrative Procedures Act (APA) and "due process" clause of the Constitution. 5 U.S.C.§ 706; U.S. CONST. amend. V. Under Customs' interpretation of its legal obligations it must merely demand that an importer pay past duties and if the importer does not Customs may sue to collect. The APA was enacted to protect parties from unlawful agency actions that have the potential to deprive parties of their rights and property, and requires an interpretation of government statute and regulations in a manner that protects these rights. *See* 5 U.S.C. § 551 *et seq.; United States v. Morton Salt Co.*, 338 U.S. 632, 644 (1950). Further, 28 U.S.C. § 2637(d) requires exhaustion of administrative remedies in line with APA requirements. Plaintiff provides no explanation of why it would be appropriate to collect duties from parties without exhaustion of proper administrative proceedings, and interpreting section 1592 and Customs regulations as argued by Plaintiff would violate the APA and Constitution.

Finally, Plaintiff's arguments would allow Customs to seek alleged past duties owed on finally liquidated entries without undertaking *any* administrative procedures and render the terms of 19 U.S.C.§ 1514 meaningless. Section 1514 establishes the finality of liquidation, providing certainty to importers that Customs will not be able to seek additional duties after that date. If Customs can demand and sue for duties under subsection (d) after the penalty case has been voided, then section 1514 serves no purpose. Statutes must be read in harmony and not to render provisions meaningless. *See United States v. Optrex Am., Inc.*, 29 CIT 1494, 1498-1499 (2005). The legislature intended these statutes to be read as a whole. Accordingly, the Court must reject Plaintiff's arguments to ensure that the finality of liquidation under section 1514 is not rendered meaningless.

The case law supports this conclusion. Contrary to Plaintiff's assertion that "all post-*Blum*" cases have ruled that duty claims survive dismissal of unlawful penalty proceedings, Pl.'s Br. at 6, this Court has dismissed penalty actions, including duty demands, on facts similar to those here after *Blum* was issued. *See United States v. Koo Chow*, 17 CIT 1372 (1993); *United States v. Stanley Works*, 17 CIT 1378 (1993). In those cases, as here, Customs failed to comply with statutory penalty procedures. This Court held when Customs had denied the defendants a reasonable opportunity to be heard after seeking both duties and penalties in a single penalty proceeding pursuant to subsection (b), the case (both duty and penalty) must be dismissed. *Id.* This Court did not allow the duty claims to procced. *Chow*, 17 CIT at 1377; *Stanley Works*, 17 CIT at 1384. These cases held that an abbreviated response time constituted a functional denial of the opportunity to be heard. Here, there was an overt refusal to grant a statutorily protected hearing and the government actively misled Defendants' counsel. This resulted in the court dismissing the penalty against Tricots, and the government's duty claim which formed the basis of that penalty should be dismissed as well.

The critical error in Plaintiff's argument is that it assumes simply because the court has jurisdiction to hear a 1592(d) duty claim "whether or not a monetary penalty is assessed[,]" the court may hear a case in which Customs cannot make an administrative penalty determination of a 1592(a) violation as a matter of law. 19 U.S.C. § 1592(d). Subsection (d) requires duties only be collected "as a result of a violation of subsection (a)." *Id.* It is a legal impossibility for Customs to make a valid administrative penalty determination that Tricots violated (a) in this case because the court has dismissed the government's penalty claim and there is no dispute that the statute of limitations has run. This prevents Customs from ever making a valid administrative determination that Tricots violated 1592(a). In the cases cited by Plaintiff, the courts agreed to

hear (d) duty claims because Customs had already completed *or could complete* a valid

administrative determination that there was a violation of (a) as required by the plain terms of

(d). *See Blum,* 858 F.2d at 1568-69; *Aegis Sec. Ins. Co.,* 29 CIT at 1265; *Inn Foods,* 560 F.3d at

1348. This cannot occur here because this court dismissed Plaintiff's (a) violation determination,

it is now time bared and legally impossible for Customs to make a valid (a) violation

determination. Accordingly, this court should dismiss Plaintiff's 1592(d) duty claim. *See e.g.*,

*TIE Communs., Inc. v. United States*, 18 CIT 358, 365 (1994) ("the predicate clause of

subsection (d) requires a 'violation of subsection (a)'").

## II. Defendants Do Not Owe Duties Because Tricots Filed a Valid NAFTA Correction

Plaintiff argues that Defendants owe duties on the subject entries because Tricots cannot

correct past NAFTA claims. Pl.'s Br. at 7-12. Again, rather than addressing Defendants'

arguments that the applicable statute and regulations allow importers to voluntarily correct past

NAFTA claims, Plaintiff incorrectly relies upon the rules and case law for filing of initial

NAFTA and tariff preference claims. Pl.'s Br. at 7-9. Lacking legal support, Plaintiff makes

baseless factual assertions, such as Customs "discovered" the errors, and false policy arguments,

such as Tricots will be "rewarded" for voluntarily correcting past NAFTA claims. Pl.'s Br. at 7,

11, 12. Tricots complied with its legal obligations when it filed corrected NAFTA claims under

19 U.S.C. § 1592(c)(5), 19 C.F.R. §§ 181.21(b) and 181.82, and Customs cannot seek duties or

penalties in this case.

Defendants' Motion for Summary Judgment established that the NAFTA statute and

regulations created unique and separate rules on when original NAFTA claims must be made and

when NAFTA corrections must be made. Defs' Br, at 25 to 33. Under these rules, unlike

original NAFTA claims, NAFTA corrections must be made by importers after discovery of the

error.  19 U.S.C. § 1592(c)(5); 19 C.F.R. § 181.21. There is no time limit in either the statute or

regulations. The plain language of the statute and regulations also confirm that to have a valid

NAFTA correction the importer must pay the amount of duties based on the correct NAFTA

claim.  *Id.* If Congress or Customs wanted to limit the time within which an importer may correct

past NAFTA claims, then the statute and regulations would have been drafted to state that "to

retain NAFTA benefits, NAFTA corrections must be filed within the same time period as the

original NAFTA claim" (e.g., one year for NAFTA origin claims). Neither the statute nor the

regulations limit NAFTA corrections to when the original NAFTA claims must be made.

Contrary to Plaintiff's claim, Defendants' addressed and rebutted Plaintiff's arguments

related to the finality of liquidation.  *See* and *compare* Pl.'s Br. at 7 and Def's Br. at 33-40.

Plaintiff suggests that importers must "establish" a right to make a NAFTA claim, which cannot

be done after an entry is finally liquidated.  Here, Customs liquidated all the entries as duty free

under NAFTA.  Under section 1514, Customs would not be entitled to any duties.  But, the rules

related to final liquidation of entries do not apply to making NAFTA corrections because the

statute and regulations require importers who file NAFTA corrections to agree to pay duties

owed regardless of whether or not entries are finally liquidated.  If the importer's correction

results in an underpayment of duties, then it must pay those duties regardless of whether or not

the entries are finally liquidated.  If the importer's correction does not result in an underpayment

of duties, as here, then no duties are owed, regardless of whether or not the entries are finally

liquidated.

This interpretation is in line with the plain reading of the NAFTA correction provisions

as well as their intent.  The purpose of the NAFTA correction provisions is to encourage

importers to voluntarily make corrections.  Both importers and Customs benefit from voluntary

corrections or disclosures. Customs is better able to increase import compliance and ensure that proper duties are paid. Importers can avoid all penalties as long as they pay the correct amount of duties owed. Plaintiff's policy arguments make no sense. It suggests that if Defendants are required to pay the correct amount of duties owed as part of the NAFTA correction, then importers would be encouraged to violate the law and be rewarded for making errors. *See* Pl.'s Br. at 7, 11. The complete opposite is true. If an importer files a correction and is forced to pay more duties then it actually owed at the time of entry, then the importer will have less incentive to file a correction, especially if Customs has accepted and finally liquidated the original claims. Plaintiff wants to punish importers who voluntarily correct NAFTA claims in complete contravention of the purpose behind the NAFTA requirements.

Plaintiff's suggestion that Customs should not accept Tricots' NAFTA TPLs because they were filed a significant time after entry is in error for a number of reasons. Pl.'s Br. at 12. First, NAFTA corrections by their nature result in corrected filings being made long after entry because they must be filed upon discovery of the error, which commonly occurs after liquidation. Second, Plaintiff's position is contrary to how the government of Canada interprets and implements NAFTA. Department of Foreign Affairs and International Tarde (DFAIT), who has the sole authority to issue NAFTA TPLs, issues retroactive TPLs whenever a party (Canadian or U.S. importer) needs them as part of a NAFTA correction filing. Canadian Customs, and the Canadian Courts have all interpreted the NAFTA to allow for such corrections. *Frito-Lay v. President of the CBSA*, AP-2010-002 (recognizing an importers ability to make retroactive NAFTA corrections as long as they do not give rise to refunds); *see also AG v. Bri-Chem Supply et al*, 2016 FCA 257, *Bri- Chem Supply Ltd.* (file AP-2014-017), *Ever Green Ecological Services Inc.* (file AP-2014-027), and *Southern Pacific Resource Corp.* (file AP-2014-028); https://cbsa-

asfc.gc.ca/publications/cn-ad/cn16-32-eng.html (last viewed November 19, 2018) . At the time of Tricots' entries the TPL levels, including the retroactive TPL granted to Tricots, were only between 24 and 37 percent full. *See* http://www.international.gc.ca/controls-controles/textiles/index.aspx?lang=eng. Thus, Customs was not "deprived" of any duties that would have been owed based on the correct NAFTA claim. *See Pentax Corp. v. Robison,* 125 F.3d 1457 (Fed. Cir. 1997); Def's Br. at 33.

There is no dispute that Tricots voluntarily submitted its NAFTA correction, and it should be rewarded, not punished for doing so. Plaintiff suggests that Tricots correction was not voluntary. It states that Customs discovered the errors and was scrutinizing Tricots. Pl.'s Br. at 8. Customs did not discover the errors, presents no admissible evidence to support this claim and in fact merely relied on Tricots' NAFTA correction to determine alleged duties owed. *See* Defs' MSJ, Ex. D. Further Plaintiff does not dispute that the correction was filed "voluntarily," before any Customs investigation, in accordance with 19 C.F.R. § 181.82(b). The only basis for Customs' rejection of Tricots' NAFTA correction was that Tricots did not pay the alleged duties owed. Defs' MSJ, Ex. F.

The government also argues that the court should give deference to Customs' interpretation of its own regulations. Pl.'s Br. at 10 (citations omitted). However, Plaintiff provides no explanation of how the NAFTA correction regulations should be interpreted, it simply ignores them. 19 C.F.R. § 181.21; 19 C.F.R. §§ 181.81-82. The only "regulation" that Plaintiff relies upon is Treasury Decision 95-98, which is not even a regulation. In addition, as explained in Defendants' Motion for Summary Judgment, Treasury Decision 95-98 is irrelevant. Defs' Br. at 38. It only applies to filing of initial NAFTA TPL claims, and does not even mention filing of NAFTA corrections, or cite the NAFTA correction statute or regulations. *North American Free Trade Agreement—Submission of Certificates of Eligibility for Textile and Apparel*

*Goods Under the Tariff Preference Level Provisions*, 60 Fed. Reg. 58,516 (Treas. Nov. 28, 1995) (TD 95-98). The NAFTA regulations are unambiguous and provide two separate rules for filing of initial claims and corrected claims. 19 C.F.R. § 181.21-22.

### III. Tricots Owes No Duties Based on its Recoupment Counterclaim

Plaintiff claims that *United States v. Federal Ins. Co.*, 805 F.2d 1012, 1015 n.2 (Fed. Cir. 1986) stands for the proposition that equitable recoupment is unavailable in the case of the recovery of customs duties. Pl.'s Br. at 12. However, this case did not involve recoupment – but estoppel. These are fundamentally different claims. In *Federal Insurance*, Customs sued to collect duties from an importer. *Id.* at 1014. The importer paid the duties to its broker, but the broker's check to Customs paid on behalf of the importer bounced. *Id.* The importer did not dispute that Customs did not receive the duty payment or that the duty payment was not properly owed. Rather, the importer claimed the defense that Customs should be "estopped" from collecting duties because Customs knew the broker was in financial trouble and did not tell the importer. The court made the importer pay the duties that it admitted were lawfully owed and never received by Customs. *Id.*

Here, Defendants made a counterclaim for recoupment. Unlike estoppel, recoupment allows defendants to reduce obligations to the plaintiff. The Supreme Court has recognized the doctrine of recoupment as a counterclaim, in which a party may seek to reduce the amounts alleged owed by the government in an action that involves the same transactions and the party's claims would otherwise be time barred. *United States v. Bull*, 295 US 247, 262 (1935). The government waives its sovereign immunity in recoupment claims because recoupment is a counterclaim and is only invoked when the government first sues to collect on a claim. *Id*.

If the court agrees that Defendants owe the duties claimed by the government, then the basis of Defendant's claims would be that Tricots was "time barred" from filing its NAFTA

TPL. Defendants have established all the necessary elements for a recoupment counterclaim: (1) the government waived immunity by filing its claim, (2) Defendants' claim for duty free NAFTA TPL treatment is valid, but would otherwise be time barred based on the government's finality of liquidation arguments, and (3) the amounts owed relate to the same transactions. *See Bull*, 295 U.S. at 262. Accordingly, Defendants may reduce the government's recovery under the equitable doctrine of recoupment, and the court should order that the Defendants to pay MPF claimed owed, but no duties.

Plaintiff's reliance on *Rothensies* is also misplaced because in that case the government did not sue to collect alleged funds owed, but was sued. *Rothensies v. Electric Storage Battery Co.*, 329 U.S. 296, 299 (1946). In addition, the party that sued the government sought an "offset" of amounts paid to the government based on different transactions. *Id.* Here there is no "offset" of different transactions. Defendants claim that if duties are owed on the same transactions because NAFTA TPLs were time bared, then the court must allow recoupment because if the time bar was not imposed, then the products qualify for duty free NAFTA treatment.

Finally, Plaintiff's claim that there is an adequate remedy at law is baseless and its reliance on *Singer* is in error. Pl.'s Br, at 14. *Singer* dealt with a private party seeking to enjoin the government from collecting alleged unlawful local taxes, and the court dismissed the claim because the party could have paid the taxes, protested and sued the government if the government did not refund the taxes. *Singer Sewing Mach. Co. of New Jersey v. Benedict*, 229 U.S. 481, 484 (1913). Here, Defendants do not seek enjoin the government from collecting duties. In addition, the Defendants cannot sue the government to obtain any duties paid back. Defendants do not have an adequate remedy at law because Customs alleges that NAFTA TPL certifications cannot be filed as part of the NAFTA correction process. In sum, if the court

14

rejects arguments that duties are not owed, then Defendants request those duties be reduced by Defendants' recoupment counterclaim. Defendants have established that they meet each of the elements of recoupment, and Plaintiffs arguments to the contrary are without merit.

IV.    **Factual Issues Remain in Dispute Because Certain Imports Qualified for NAFTA as Claimed and Tricots was not Negligent**

Plaintiff incorrectly claims that there are no material facts in dispute. Pl.'s Br. at 15. To establish that Tricots violated subsection (a), the government bears the burden of proof that each claim made by Tricot on each entry was false, and the court conducts a *de novo* review of the evidence. 19 U.S.C. § 1592(e). If a Tricots import qualified for NAFTA as claimed upon entry, then there is no false statement and the government is not entitled to duties. Here, the government has known since Tricots filed its NAFTA correction that products in the 875 entries qualified for NAFTA as claimed. Pl.'s Br. at 15. Rather than dispute this fact, Plaintiff alleges that Tricots waived this defense. *Id*. Tricots did not waive this defense and expressly pled it as a defense in its answer. Ct. No. 11-00388, Dkt. 37.

The government does not have the yarn reports and has not produced what yarn information was used by the auditors. Accordingly, it cannot establish which of the entries were made using originating yarn and which were not. Defendants have produced the petitions in this case that confirm certain of the entries had NAFTA originating yarn in the fabric production – an issue of fact Plaintiff cannot overcome. Defs' MSJ, Ex. D. The government did not and cannot address the fact that it failed to actually determine the amount owed during the administrative penalty proceedings. Instead, it relied on Tricots' spreadsheet that was provided to the government as part of Tricots' NAFTA correction. Customs conveniently removed one column that indicated the origin of the yarn used to produce subject imports. *See and compare* Def's Motion to Dismiss, Ex. B and Gov't Complaint, Ex. A. Customs did not review, audit or modify

the data provided, and simply provided an affidavit restating the data provided by Tricots. More importantly, Customs ignored the facts presented that many of the entries contained fabric produced from U.S. origin yarn, and qualified for NAFTA as claimed. This information was set out in Defendant's affidavit from Michael Zobin. Mr. Zobin assisted Tricots in making corrections on an entry-by-entry basis, confirming the origin of the yarn inputs and each fabric exported based on company records. Zobin Aff. at ¶ 17. Simply because Tricots agreed to pay MPF on imports that were not subject to MPF because they qualified as NAFTA as claimed, does not mean Tricots has waived its right to challenge Customs demand for duties on imports that were properly entered. Plaintiff's claims that there are not that many correct imports, does not absolve the government from its burden of proof. Plaintiff must prove, and this court must review *de novo*, the correct origin of each product in each entry (covering thousands of products and approximately 875 entries) to establish a violation of subsection (a). Plaintiff has failed to do so here and there remain facts in dispute as to the origin of the subject imports.

Tricots also disputes that it acted negligently. A negligent violation is done through the failure to exercise the degree of reasonable care and competence expected from a person in the same circumstances in ascertaining the facts or in drawing inferences therefrom, in ascertaining the offender's obligations under the statute, or in communicating information so that it may be understood by the recipient. *See, e.g., United States v. Yuchius Morality Co.*, 26 CIT 1224, 1228 (2002). Negligence in this case would be the failure to exercise the degree of reasonable care and competence expected from a similarly situated importer in the same circumstances. *See* 19 C.F.R. Part 171, Appx B. Simply because an importer made errors, or could have developed better systems, does not mean the importer is negligent. Here, Tricots acted as a similarly situated importer would in the same circumstances and was not negligent.

Tricots knew its fabrics qualified for NAFTA - because it manufactured them it at its factory in Canada. Slip. Op. 18-29 at 3. At the time of entry Tricots claimed the subject goods qualified for NAFTA duty free treatment according to the NAFTA rules of origin (ROO), and Tricots possessed the required NAFTA certificates of origin. At the same time Tricots made entries claiming NAFTA duty free treatment under the TPL rules.  During this period the applicable NAFTA TPL levels were never close to being filled and were only between 24 and 36 percent full.[1] As soon it discovered errors on its NAFTA claims Tricots filed a NAFTA correction with Customs.  Tricots reasonably believed that Customs would accept retroactive NAFTA TPL claims because it is settled law in Canada that such claims are valid and DFAIT issues retroactive NAFTA TPL certificates.  Also Customs has accepted retroactive TPL claims in the past [          ] and the two countries should interpret the NAFTA rules in the same fashion as required by NAFTA. *See* Article 102.2 of NAFTA.

The retroactive application of TPL for NAFTA entries is settled law in Canada. Beginning in 2010, with *Frito-Lay v. President of the CBSA*, AP-2010-002, Canadian courts have recognized an importers ability to make retroactive NAFTA corrections as long as the corrections do not give rise to refunds.  *See also AG v. Bri-Chem Supply et al*, 2016 FCA 257, Bri- Chem Supply Ltd. (file AP-2014-017), *Ever Green Ecological Services Inc*. (file AP-2014-027), and *Southern Pacific Resource Corp*. (file AP-2014-028);  https://cbsa-

---

[1] *See* http://www.international.gc.ca/controls-controles/textiles/index.aspx?lang=eng.  Knit fabrics had the following TPL levels.

| Unit | Utilization | Balance | YEAR |
|------|-------------|---------|------|
| SME | 6,648,945 (36%) | 18,351,055 | 2005 |
| SME | 4,910,267 (24%) | 20,089,733 | 2006 |
| SME | 6,677,430 (36%) | 18,322,570 | 2007 |
| SME | 5,354,520 (27%) | 19,645,480 | 2008 |

asfc.gc.ca/publications/cn-ad/cn16-32-eng.html (last viewed November 19, 2018). The Canada

Border Services Agency (CBSA) accepts retroactive TPL claims and has indicated that it is

required to do so by its NAFTA correction rules. *Id*. Further, the government of Canada has

challenged Customs' incorrect interpretation of the NAFTA in this case. Defs'Motion to

Dismiss, Ex. P.

Contrary to Plaintiff's assertion, Tricots has provided ample evidence overcoming its

claim that Defendant was negligent. *See* Pl.'s Br. at 15.

- At the time of entry Tricots claimed the goods qualified for NAFTA duty free treatment according to the NAFTA ROO, and Tricots possessed the required NAFTA certificates of origin**.** Defs' Motion to Dismiss, Ex. A.

- All of the fabrics at issue in this case were manufactured in Canada. Slip. Op. 18-29 at 4.

- NAFTA TPL rules allow duty free treatment on knitted fabrics produced in Canada from non-NAFTA yarns that do not meet the NAFTA ROO, up to a certain quantity per year. Defs Motion for SJ, Ex. R.

- The TPL limits for the subject imports have **never** been met and for the subject period. *See* http://www.international.gc.ca/controls-controles/textiles/index.aspx?lang=eng.

- Tricots filed a 19 U.S.C. § 1592(c)(5) NAFTA correction with Customs. Defs' Motion for SJ, Ex. D.

In an analogous case, *United States v. Wash. Int'l Ins. Co.*, 29 CIT 511, 513-14 (2005), an

importer brought sweaters manufactured by its subsidiary into the U.S. from Guam and the

government alleged it was negligent because the importer used incorrect valuation methods and

the products did not qualify for tariff preferences as claimed. This court found that the importer

was not negligent because the importer's process of computing transaction value was permissible

under the regulations. *Id.* at 523-24. Here, the court should find that Tricots was not negligent

because it was required by statute to make a NAFTA correction, which it did, and therefore there

was no violation under 1592(a). In short, Tricots acted as any reasonable importer under similar

circumstances would. It made an error, and tried to correct it assuming Customs would accept its corrections as it had done in the past and as is done in Canada. Tricots' understanding of the NAFTA requirements was reasonable and not negligent.

## V. Tricots Is Not Liable for Interest

Plaintiff claims that Defendants are liable for equitable prejudgment interest and statutory pre-judgment interest under 19 U.S.C. § 580. Pl.'s Br. at 16. Equitable pre-judgment interest is a judge-made principle intended to compensate an injured party for the time during which it was deprived of the use of the funds. *United States v. Am. Home Assurance Co.*, 857 F.3d 1329, 1333 (2017) (citing *Princess Cruises, Inc. v. United States*, 397 F.3d 1358, 1367 (Fed. Cir. 2005)). The courts have held that equitable pre-judgment interest should not be awarded wherein any wrongdoing is minimal. *See Am. Permac, Inc. v. United States*, 24 C.I.T. 933, 938 (2000), amended (Oct. 18, 2000).

The government claims without any explanation that *Am. Permac, Inc.* is "factually inapposite." Pl.'s Br. at 17. In *Am. Permac,* Customs liquidated plaintiff's entries and assessed antidumping duties. *Id.* at 934. Plaintiff filed protests and alleged that the entries had been liquidated by a matter of law, without antidumping duties, prior to Customs' liquidation. *Id.* The Court declined to grant prejudgment interest because it found it was reasonable for the plaintiff to believe that its entries were liquidated as a matter of law. *Id.*at 938. Similar to *Am Pernac*, it was entirely reasonable for Tricots to believe its products were subject to NAFTA, which they are, when it manufactured the products in its factory in Canada. Tricots' degree of wrongdoing, if any, in this matter is extremely low given its reasonable belief that the 875 entries were eligible for NAFTA duty-free treatment under TPL and Tricots voluntarily filed corrected NAFTA claims. The agency's final determination was that Tricots was only liable for a

mitigated negligence claim, which further suggests that the error and any degree of wrong doing was minor.

As established in Defendants' motion, it is entirely unequitable for Tricots to bear the expense for the long delays (over five years) caused by Customs during the administrative proceedings. Defs' Br. at 43-46. Courts have repeatedly held that fairness does not dictate awarding equitable prejudgment interest when plaintiff's own delay caused interest to accrue. *See United States v. Atkinson*, 575 F. Supp. 791, 796 (CIT 1983); *United States v. Jac Natori Co.*, 22 CIT 1101, 1105 (1998). Any delay was not caused by Tricots, who continued to provide statute of limitations waivers at the government's request.

The balance of equities requires that the court not award equitable pre-judgment interest. In *United States v. Int'l Fid. Ins. Co.*, the court stated that "[a]s to other considerations of fairness, there is no suggestion that Fidelity proffered any defense not in good faith. Accordingly, the government's claim for equitable interest was denied." 273 F. Supp. 3d 1170, 1185 (CIT 2017). Tricots has presented strong defenses, in good faith, that rebut the government's claim for duties. If it was so "established" that importers must pay duties when a NAFTA correction is filed changing from one duty free provision to another, as the government claims, then why did it take Customs over five years to make a final determination? The answer is that the government had no established practice and is not entitled to past duties. The court should not award equitable pre-judgment interest.

## CONCLUSION

Plaintiff failed to establish a violation of 1592(a), which is required before the government may collect duties on liquidated entries under 1592(d). Here, because the Court has ruled that the government has failed to perfect its penalty determination as required by 1592(b), the government is precluded from bringing an action to establish a violation under 1592(a), and

cannot collect duties under 1592(d) as a matter of law. Further, Tricots is not liable for past

duties because it filed a valid NAFTA correction. Under the NAFTA when a party files a

NAFTA correction it must pay duties owed on the correct NAFTA claim. If the Court should

decide duties are owed, then Tricots requests that the amount of duties owed should be reduced

by the amount of duties that would have been owed if the entries had not been finally liquidated

under the doctrine of recoupment.

By: /s/ Frances Hadfield
John Brew
Frances Hadfield
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, NY 10022
Tel.: (212) 803-4040
FHadfield@crowell.com

<u>CERTIFICATE OF COMPLIANCE PURSUANT TO USCIT</u>
<u>STANDARD CHAMBER PROCEDURE 2(B)</u>


      I, Frances P. Hadfield, counsel at Crowell & Moring LLP, who is responsible for the

foregoing brief, relying upon the word count feature of the word processing program used to

prepare the brief, certify that this brief complies with the type-volume limitation under USCIT

Standard Chamber Procedure 2(B) and contains 6,600 words.




<u>/s/ Frances P. Hadfield</u>