## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HONORABLE RICHARD K. EATON, SENIOR JUDGE.

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AEGIS SECURITY INSURANCE CO., ) <br> ) <br> Defendant. ) <br> ) <br> ———————————————————— ) <br> ) <br> AEGIS SECURITY INSURANCE COMPANY, ) <br> ) <br> Third Party-Claimant, ) <br> ) <br> v. ) <br> ) <br> TRICOTS LIESSE 1983 INC., ) <br> ) <br> ) <br> Third Party-Defendant. ) <br> ———————————————————— ) | Court No.: 11-00388 |

### AEGIS SECURITY INSURANCE COMPANY'S SUPPLEMENT TO ITS MOTION FOR SUMMARY JUDGMENT ON ITS THIRD PARY-CLAIM FOR INDEMNIFICATION AND REIMBURSEMENT

Comes now, Third Party-Claimant, Aegis Security Insurance Company ("Aegis') by and through its undersigned attorneys and, pursuant to this honorable Court's Order dated November 18, 2020, files its supplement to the Motion for Summary Judgment on its Third Party-Claim against Third Party-Defendant, Tricots Liesse 1983, Inc. ("Tricots Liesse").

# TABLE OF CONTENTS

I.    SUMMARY OF ARGUMENT ...............................................................................................1

II.    DISCUSSION .......................................................................................................................2

    A. Background and Facts...........................................................................................................2
    B. The Law of Suretyship

        1. Reimbursement for The Principal's Debt ………………………………………….7

        2. Reimbursement / Indemnity for Attorney's Fees and Costs ………………….9

III.    CONCLUSION……………………………………………………………………………11

# TABLE OF AUTHORITIES

Statutes and Regulations

19 U.S.C. § 1592(d) ......................................................................................................................4

28 U.S.C. § 1583 ............................................................................................................................3

CASES

Fallon Elec. Co. v. The Cincinnati Ins. Co.,
    121 F.3d 125 (3d Cir. 1997)…………………………………………………………..10

Sentry Ins. Co. v. Davison Fuel & Dock Co.,
    60 Ohio App. 2nd 248, 396 N.E.2nd 1071, 1978 Ohio App. LEXIS 7632……………….10

U.S. v. Hartford Fire Ins. Co.,
    36 CIT at 1157, 857 F. Supp. 2d at 1361 n.4……………………………………………7

United States v. Aegis Security Insurance Co.,
    CIT Slip Op. 19-162 (CIT December 17, 2019) ECF 121……………………..4

United States v. Great Am. Ins. Co. of N.Y.,

    35 CIT 1130, 791 F. Supp. 2d 1337 (2011)……………………………………………7

United States v. International Fidelity Ins. Co.,

    273 F. Supp. 3d 1170, 1181 (2017)…………………………………………………….7

United States v. Yuchius Morality Co.,

    2002 WL 31357050, 26 CIT 1224 (2002)………………………………………….7. 8.9

Wash. Int'l Ins. Co. v. United States,

    25 CIT 207, 224, 138 F. Supp. 2d 1314……………………………………………….7

Other Sources:

Restatement (Third) of Suretyship and Guaranty (1996) § 22(1)(b) and Comment a..…………7,9

Restatement (Third) of Suretyship and Guaranty (1996) § 23…………….….................... …..9

## SUMMARY OF ARGUMENT

Aegis is seeking reimbursement and indemnity, pursuant to 28 U.S.C. § 1583, for the $768,916.53 paid to the Plaintiff in settlement of the underlying action, plus $92,042.50 in attorneys' fees and $678.25 incurred in costs and expenses in defending against the Plaintiff's claim against it and Tricots Liesse. Aegis is also seeking an additional sum to be determined according to proof for the attorneys' fees incurred in this instant motion for Summary Judgment and supplement thereto. Aegis basis its claim for reimbursement and indemnity on the Declaration of Ms. Amy Molier, attached hereto as Exhibit 3 covering the "Application and Indemnity Agreement" attached thereto; the attached supplement to Exhibit 1; and Collective Exhibit 2, the

statement of attorneys' fees and costs filed with the Third-Party Claimant's original motion for summary judgment..

## DISCUSSION

A. <u>Background and Facts:</u>

Third Party-Claimant, Aegis, is the surety that underwrote the customs bond securing the transactions, filed by Third Party-Defendant, Tricots Liesse, that were the subject of Plaintiff's 19.U.S.C. § 1592(d) claims for lost revenue against Defendant Aegis.

Plaintiff was successful obtaining a judgment against Tricots Liesse and against Aegis as surety on Tricot Liesse's bond.  Aegis tendered $768,916.53 to Plaintiff, which equals the amount of lost revenue set forth in this Court's judgment dated January 9, 2020, plus the post-judgment interest awarded by this Court to the Plaintiff, <u>United States v. Aegis Security Insurance Co</u>., CIT Slip Op. 19-162 (CIT December 17, 2019) ECF 121. <u>See</u>: Supplement to Exhibit 1, a copy of the correspondence between counsel for the Plaintiff and the undersigned counsel for Aegis acknowledging full satisfaction of this Court's Judgment.

 Accordingly, under the terms of the Indemnity Agreement undertaken by Third-Party Defendant in favor of Third-Party Claimant (Exhibit 3), and established indemnity and reimbursement principles under the law of suretyship, Third Party-Defendant, Tricots Liesse, is liable to Third Party-Claimant, Aegis,  (1) for the sum tendered and paid by Aegis to Plaintiff pursuant to this Court's judgment dated January 9, 2020, (2) for the attorneys' fees and costs incurred in protecting the surety's interests during the CBP administrative action and the litigation proceedings in the above referenced civil action; and (3) for the attorney fees and costs, according to proof, incurred by Aegis in this Third-Party action.

At all times relevant to this Civil Action, Avalon Risk Management, Inc. ("Avalon") acted as the Surety Agent for Third Party-Claimant, Aegis. As a Surety Agent, Avalon was responsible for the marketing, underwriting and billing as part of the customs bond management services that it performed on behalf of its surety clients. As part of its underwriting responsibilities, Avalon regularly required a Bond Applications & Indemnity to be prepared and submitted by importers seeking bonds from the sureties represented by Avalon. Each Bond Application & Indemnity had a standard form indemnity agreement on the reverse side of the Application. The Bond Application & Indemnity form used in the Year-2000 was the "Rev. 1/98" version.

As a prerequisite to obtaining the U.S. Customs Continuous Transaction Bond, in the amount of $230,000 from Aegis through its Surety Agent, Avalon, Third Party Defendant, Tricots Liesse returned a completed Bond Application & Indemnity to Avalon Risk Management, Inc. on October 17, 2000, The Bond Application & Indemnity (Rev.1/98) provided, above the signature line, the specific provision *"I agree to be bound by the indemnity agreement as shown on the reverse of this application, I do hereby swear that I am fully empowered to bind, by my signature, the legal entity listed as Principal."* The Bond Application & Indemnity was signed and dated on the 17th day of October 2000, by Rick de Longein (SP?), Traffic Manager to Tricot Liesse. Unfortunately, a copy of the reverse side of the Year 2000 Bond Application & Indemnity was not kept by Avalon in the Tricots Liesse underwriting file. After a diligent search, a copy of the Indemnity side of the original document could not be located. However, the terms of the Indemnity Agreement were of a standard form as "Rev1/ 1998" in the Year 2000 and a copy of the standard form Indemnity, as well as the executed first page to the Tricots Liesse Bond Application & Indemnity, dated October 17, 2000 are attached hereto as parts of Exhibit 3, The Declaration of Ms. Amy Molier, Exhibit 3: Exhibit 3.1, The Application; and Exhibit 3.2, The Indemnity Terms.

The Indemnity set out on the second page of the (Rev.1/98) form Application provides:

*KNOW ALL MEN BY THESE PRESENTS, that the Principal ("Principal" or "Indemnitors") has requested, and upon condition that this Indemnity Agreement be executed, the Company has executed, or may execute, bonds on behalf of Principal.*

*NOW THEREFORE, THE INDEMNITORS, their administrators, executors, heirs, successors, and assigns jointly and severally hereby agree with the Company, its successors, assigns, authorized agents, co-sureties and reinsurers ("Company"):*

1. *To indemnify the Company and hold it harmless from and against any and all attorneys' fees, costs, damages, demands, liabilities, losses and expenses, regardless of the nature which arise by reason of, or as a consequence of, the Company executing a bond on the Principals behalf, and whether or not the Company has paid any sums, including, but not limited to: expenses paid or incurred in connection with claims, judgments or suits under its bonds; sums paid (including interest), or liabilities incurred, in settlement of claims, expenses paid or incurred in enforcing the terms of this Indemnity Agreement; expenses paid or incurred by the Company in procuring, or attempting to procure, release from liability under its bond; expenses incurred in recovering or attempting to recover losses or expenses paid or incurred; attorneys' fees, costs or expenses; accounting, engineering or investigation services; adjustment of claims; premium on bonds issued by the Company.*

***

*4. To agree to the following general provisions:*

*b. The Company may, at any time, without releasing or discharging the Principals from any action, claim, costs, damage, demand, liability or any other expense incurred or accrued, take such action as is or may be deemed necessary and/or proper, to obtain its release from any and all bond liability. The Principals also agree to further secure and indemnify the Company against any and all attorneys' fees, charges, liabilities and expenses of any nature which the Company sustains or incurs or is subject to in obtaining the release.*

B. <u>The Law of Suretyship:</u>

It is respectfully submitted that, in the past, this Court has been guided by the principles of suretyship law as explained in the Restatement (Third) of Suretyship and Guaranty (1996) ("Restatement") in determining parties' obligations under customs bonds. *United States v. International Fidelity Ins. Co.,* 273 F. Supp. 3d 1170, 1181 (2017) citing *U.S. v. Hartford Fire Ins. Co.,* 36 CIT at 1157, 857 F. Supp. 2d at 1361 n.4 (citing *United States v. Great Am. Ins. Co. of N.Y.,* 35 CIT 1130, 791 F. Supp. 2d 1337, 1359-60 (2011)); see also *Wash. Int'l Ins. Co. v. United States*, 25 CIT 207, 224, 138 F. Supp. 2d 1314, 1330. See also, *United States of America v. Yuchius Morality Co., Ltd and Intercargo Ins. Co*., 26 C.I.T. 1224, 1237 (2002)

1. <u>Reimbursement for The Principal's Debt:</u>

The Restatement (Third) of Suretyship and Guaranty §22(1)(b) indicates that there is a duty on the part of the principal obligor to reimburse a secondary obligor when it makes a settlement with the obligee that discharges the principal obligor, in whole or in part, with the respect to the underlying obligation.

The Comment to § 22 provides that the duty to reimburse arises from implied contract…the principal obligor also agrees that it will reimburse the secondary obligor to the extent that the secondary obligor does perform, thereby fulfilling all or part of the underlying obligation. Id. §22 Comment a. According to the Bond Application and Indemnity Agreement attached hereto in Exhibit 3, Tricots Liesse did bind itself, it successors and assigns, to indemnify *the surety and hold it harmless from and against any and all attorneys' fees, costs, damages, demands, liabilities, losses and expenses, regardless of the nature which arise by reason of, or as a consequence of, the Company executing a bond on the Principals behalf,* . . . and Tricots Liesse also agreed *to further secure and indemnify the Company against any and all attorneys' fees, charges, liabilities and expenses of any nature which the Company sustains or incurs or is subject to in obtaining the release of the bond.*

The facts in this case are similar to the facts before the court in *United States of America v. Yuchius Morality Co., Ltd and Intercargo Ins. Co*., 26 C.I.T. 1224 (2002). As in *Yuchius,* the written agreement between the parties in this case binds Tricots Liesse to indemnify its surety. Moreover, the court in *Yuchius* turned to the Restatement (Third) of Suretyship and Guaranty §22(1)(b) for guidance and found application of implied contract under § 22(1)(b) to establish that there is an obligation to reimburse a secondary obligor when it makes a settlement with the obligee that discharges the principal obligor, in whole or in part, with the respect to the underlying obligation. As in this civil action, the *Yuchius* court granted summary judgment in favor of the plaintiff, United States, and the surety paid the judgment to the plaintiff for the unpaid duties covered by the surety's bond. As in *Yuchius*, it is submitted that the judgment established that the time for satisfaction of the bond obligation had arrived and that the surety's payment of the contested duties was neither premature nor voluntary. As in *Yuchius*, prior to payment of the claim

8

in satisfaction of the Judgment, Aegis, as the surety, had already incurred the expenses of the administrative challenge leading up to the litigation as well as the costs and expenses of the litigation itself. Accordingly, following the sequence of events in *Yuchius*, Aegis' Third Party-Claim for Reimbursement and indemnity in this civil action is now "ripe."

2. <u>Reimbursement / Indemnity for Attorney's Fees and Costs:</u>

The Restatement (Third) of Suretyship and Guaranty §23(1) envisions a principal obligor's reimbursement of a secondary obligor for the "reasonable cost of performing the secondary obligation, including incidental expenses". Here, the surety claims that the $92,042.50 in attorney fees and $679.45 in costs and expenses requested is a reasonable sum spent in its defense of (1) the claims against defendant Tricots Liesse prior to the trial, and (2) reimbursement for trial preparation, and the reasonable fees and expenses incurred in pursuing its Third-Party Claim.

Comment (a) to the Restatement's section 22(b)(1) states that the duty to reimburse a secondary obligor encompasses incidental expenses, which "may include reasonable attorneys' fees incurred in conjunction with performance of the secondary obligation".

It is respectfully submitted that the attorney fees, costs and expenses of the defense incurred by Aegis were not "voluntary" in this case. It is further submitted that and the attorney's fees of $92,042.50 and costs and expenses in the amount of $678.25 incurred through Summary Judgment are recoverable, as are such fees that will be engendered, according to proof, by this motion for Summary Judgment. Third party-claimant, Aegis, has filed an accounting. <u>See</u> Exhibit 2,  It is further submitted that, in this case, the written Indemnity's (Exhibit 3 and 3.2) several references

9

to indemnification for attorneys' fees and costs[1] are sufficiently broad to allow this Court to find such fees and expenses to be recoverable by Third Party-Claimant, Aegis. Where, as here, there is such an agreement, case law does require that it was reasonably necessary for a surety to have incurred attorney's fees and expenses. E.g., *Fallon Elec. Co. v. The Cincinnati Ins. Co.,* 121 F.3d 125 (3d Cir. 1997). See also *Sentry Ins. Co. v. Davison Fuel & Dock Co.,* supra. Toward that end, it is respectfully submitted that this matter began with the voluntary disclosure of NAFTA misclassification and voluntary disclosure which Tricots Liesse insisted had no impact on duty liability: to wit, Tricots Liesse insisted that it should be able to substitute a correct duty free claim for entry under the NAFTA TPL for a duty free claim under the NAFTA origin provisions incorrectly declared at the time of entry. The issue, although simple to state, was complex in the defense. A great deal of effort was expended in the early agency administrative and litigation stages by counsel for Tricots Liesse together with counsel for Aegis in developing the defense in this matter. The matter was further complicated by the untimely passing of the first two counsels representing Tricots Liesse[2] and the efforts to bring new counsel up to speed during the discovery and pre-trial phases of the litigation. Aegis has provided a complete accounting of attorneys' fees and costs for the Court's review and consideration.

---

[1] The indemnitors "agree to indemnify the surety and hold it harmless from and against any and all attorneys' fees, costs, damages, demands, liabilities, losses and expenses, regardless of the nature which arise by reason of, or as a consequence of, the Company executing a bond on the Principals behalf, . . . and Tricots Liesse also agreed to further secure and indemnify the Company against any and all attorneys' fees, charges, liabilities and expenses of any nature which the Company sustains or incurs or is subject to in obtaining the release of the bond."

[2] John Galvin and Stephan Leahy

## CONCLUSION

On the basis of the foregoing, Aegis respectfully requests this Court finds in favor of Third-Party Claimant, Aegis, as surety on the bonds against which Customs assessed its loss of revenue claim; for reimbursement and indemnity of the sums tendered to the United States honoring the loss of revenue judgment in the amounts set forth in that judgment, plus statutory and post judgment interest. Third Party Claimant also requests that this Court finds that Aegis is entitled to summary judgment for reimbursement and indemnity on its third-party claim against Tricots Liesse, for reasonable attorney's fees, cost and expenses as this Court in the premises deems just and appropriate.

Respectfully submitted,

<u>/s/ T. Randolph Ferguson</u>
T. Randolph Ferguson
**SANDLER, TRAVIS & ROSENBERG, P.A.**
601 Montgomery Street, Suite 1208
San Francisco, CA 94111
Tel. (415) 490-1401

*Attorneys for Defendant and Third-Party Claimant Aegis Security Insurance Company*

Dated: December 14, 2020